Filed 4/28/25  P. v. Farfan CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B337498 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA136699) |
| v. | |
| JOSUE FARFAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Carol J. Najera, Judge.  Affirmed.

George L. Schraer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Scott A. Taryle and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In July 2016, a jury convicted Josue Farfan of murder and found true a robbery-murder special circumstance. In 2023, he petitioned for resentencing under Penal Code section 1172.6.[1] The trial court denied his petition at the prima facie stage. This was correct, so we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts[2]

Kamell Heno was a delivery driver for a company that bought and sold cigarettes. On the morning of December 4, 2014, Heno drove a large truck to pick up $217,000 worth of cigarettes, which he was scheduled to take to a store in La Verne. He never made it to that store.

That afternoon, Heno's truck was found parked on South Grand Avenue in Los Angeles. It contained about 10 percent of the cigarettes he had picked up that morning. Heno was found dead on the floor of the truck with a red stained cloth over his head and his face wrapped in duct tape that covered his eyes and mouth, touching the bottom of his nose. He had two projectile head wounds from a BB gun and multiple abrasions, lacerations, and bruises on his head, neck, and upper extremities. An autopsy showed that the cause of death was asphyxiation.

Before December 4, appellant, his wife, and his brother Edgar Farfan (Edgar) planned to rob a delivery truck of its cargo

---

[1] Undesignated statutory references are to the Penal Code.

[2] The facts are drawn from two prior appellate opinions in this case—the 2018 opinion affirming appellant's conviction (*People v. Farfan* (Feb. 8, 2018, B277516) [nonpub. opn.], mod. Mar. 2, 2018), and the 2021 opinion affirming the summary denial of his brother's petition for resentencing under section 1172.6 (*People v. Farfan* (2021) 71 Cal.App.5th 942 (*Farfan*)).

of cigarettes.  On the morning of December 4, Edgar drove appellant and his wife to the store where Heno's truck was parked, where they waited until the truck pulled out.  Edgar followed the truck onto the freeway and then to a wholesaler and a Costco.  When the truck left Costco, Edgar followed it onto the freeway and hit Heno's truck with his SUV to make it stop.

The truck pulled over, and Heno got out.  Edgar got out of his car carrying a BB gun, and shoved Heno into the passenger side of the truck.  Appellant got into the truck, and the brothers drove it away with Heno.  Appellant's wife followed them in Edgar's SUV.  The truck eventually exited the freeway, drove into a neighborhood, and parked.  Appellant, his wife, and Edgar moved cigarettes from the truck to the SUV and then drove away, leaving Heno in the cab of his truck.

## II.    Conviction and appeal

On July 26, 2016, a jury convicted appellant and Edgar of murder (§ 187, subd. (a)), kidnapping for robbery (§ 209, subd. (b)(1)), and second degree robbery (§ 211).  The jury also found true the special circumstance that appellant and Edgar committed the murder while engaged in the commission of a robbery.  (§ 190.2, subd. (a)(17).)  The trial court sentenced each to life without the possibility of parole for the murder, plus five years for the robbery conviction.  (*People v. Farfan*, *supra*, B277516.)  This court affirmed the judgment on appeal.  (*Ibid*.)

## III.   Edgar's petition for resentencing and appeal

In 2020, Edgar filed a petition for resentencing under section 1172.6, which the trial court summarily denied.  On appeal, this court concluded that the trial court erred in failing to appoint counsel or accept briefing from the parties, but that such error was harmless because "the jury's special circumstance

3

finding in this case means it necessarily found beyond a reasonable doubt that appellant either had the intent to kill *or* he was a major participant in the robbery who acted with reckless disregard for human life." (*Farfan*, *supra*, 71 Cal.App.5th at p. 954.)  This court further observed that because "the special circumstance finding was made *after*, not before[,] *Banks* and *Clark* were decided," the matter fell outside the scope of the then-existing split about whether pre-*Banks* and *Clark* special circumstance findings precluded petitioners from 1172.6 relief as a matter of law.[3]  (*Id*. at p. 955, fn. omitted.)

## IV.    Appellant's petition for resentencing

In September 2023, appellant filed a petition for resentencing under section 1172.6.  The trial court appointed counsel, and the parties filed briefing.  At the March 22, 2024 hearing, the parties submitted on their briefs, and the trial court denied appellant's petition, finding him "ineligible as a matter of law" for relief under section 1172.6.

## DISCUSSION

Section 1172.6 permits a defendant "convicted of felony murder or murder under the natural and probable consequences doctrine" to vacate his murder conviction if, as a threshold matter, he makes a "prima facie showing" of entitlement to relief. (§ 1172.6, subds. (a) & (c).)  This, in turn, requires a showing that, among other things, he "could not presently be convicted of murder" under the amendments to the murder statutes that became effective on January 1, 2019.  (*Id*., subd. (a)(3).)  As amended, the murder statutes still permit a conviction based on murder committed by someone else in the course of a jointly

---

[3] *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*).

4

committed felony if the defendant "was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e)(3).)

In *Banks*, *supra*, 61 Cal.4th 788, and *Clark*, *supra*, 63 Cal.4th 522, our Supreme Court clarified the phrases "major participant" and "reckless indifference." In *People v. Strong* (2022) 13 Cal.5th 698, 717 (*Strong*), the court recognized that felony-murder special circumstance findings made before *Banks* and *Clark* no longer necessarily reflect a determination under the correct legal standard and thus held that such pre-*Banks* and *Clark* findings "do not preclude a defendant from making out a prima facie case for relief" under section 1172.6. (*Strong*, at p. 710.) Felony-murder special circumstance findings made *after Banks* and *Clark*, however, do "ordinarily establish a defendant's ineligibility for resentencing under [section 1172.6] and thus preclude the defendant from making a prima facie case for relief." (*Strong*, at p. 710; see also *id.* at p. 715 ["every appellate court to consider the issue . . . [has] agree[d] that post-*Banks* and *Clark* findings ordinarily do foreclose section 1172.6 resentencing"].)

Appellant concedes the validity of the "major participant" prong, but argues that the "reckless indifference" aspect of the jury's finding does not render him ineligible for relief as a matter of law, even though he was tried and convicted after *Clark* was decided.[4] To support his position, he notes that "neither the instructions nor the parties mentioned any of the factors" set forth in *Clark* with regard to reckless indifference. Such mention was not required, however, because "the standard jury instruction has not in fact changed in the wake of *Banks* and

---

[4] *Clark* was decided on June 27, 2016, and appellant's trial began on July 12, 2016.

5

*Clark*." (*Strong, supra,* 13 Cal.5th at p. 719, fn. omitted; accord, *Farfan, supra,* 71 Cal.App.5th at p. 955; *People v. Superior Court (White)* (2025) 107 Cal.App.5th 1268, 1277–1278 (*White*).) Claims related to counsel's failure to discuss the *Clark* factors or to request jury instructions on them could have been but were not raised on direct appeal from appellant's conviction. Such claims are not the proper subject of a petition for resentencing under section 1172.6. (*White,* at p. 1279; *People v. Burns* (2023) 95 Cal.App.5th 862, 867–868.)

In a similar vein, appellant argues that his jury's post-*Clark* finding of reckless indifference should not preclude him from relief under *Strong* because *Strong*'s rationale does not extend to situations where, as here, appellant's trial took place less than one month after *Clark* was decided and trial counsel did not discuss the *Clark* factors. (*Strong, supra,* 13 Cal.5th at p. 710.) We are unpersuaded that these circumstances—either of which could have been addressed on direct appeal—justify blurring the line *Strong* and "every appellate court to consider the issue" have drawn between pre- and post-*Banks* and *Clark* findings. (*Strong,* at p. 715 ["Had the Legislature intended to permit wholesale relitigation of findings supporting murder convictions in the context of section 1172.6 resentencing, we expect it would have said so more plainly"].)

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED.


LUI, P. J.


We concur:


ASHMANN-GERST, J.


CHAVEZ, J.

7